THE TRUST COMPANY OF NEW JERSEY, as executor of the estate of William Peter, deceased, respondent,

*v.*

GAESS OUTDOOR ADVERTISING, a corporation of New Jersey, appellant.

[Submitted February 2d, 1943.   Decided April 30th, 1943.]

*Mr. Charles William Kappes,* for the respondent.

*Messrs. Tiffany & Massarsky (Mr. Reuben W. Massarsky,* of counsel), for the appellant.

PER CURIAM.

This appeal is from an order entered in the Court of Chancery striking the defenses and counter-claim filed by appellant, defendant below, in a suit for the foreclosure of a mortgage.

Respondent, the holder of a mortgage by assignment, instituted suit in foreclosure of the mortgage alleging default by the mortgagor in the payment of taxes past due against the mortgaged premises and default in the payment of installment of principal amount and interest as required by the mortgage.   Appellant, as defendant in the suit, answered admitting the making of the mortgage and the tax arrearage, but denied default in payment of principal installment and accrued interest.

By way of separate defenses appellant alleged that as a basis for the consideration and delivery of the bond and mort-

gage the mortgagee made·an agreement, admittedly oral, with appellant, of which the assignees and successors of the mortgagee had knowledge, that appellant was to render to mortgagee certain advertising services, the value of which was to be applied in liquidation of the amount due upon the bond and mortgage; that appellant performed services to mortgagee under this agreement such as to make the amount due appellant in excess of any amount due under the bond and mortgage; that respondent could not take advantage of the default in payment of taxes accrued until it had remedied the loss of profits occasioned to appellant because of an alleged breach by the mortgagee of the oral agreement for advertising services, and further that because of this breach by the mortgagee a loss of earning power occurred to appellant at least to the extent of the whole amount due on the bond and mortgage and, therefore, there was nothing due to respondent thereon. Counter-claim is made for the loss so alleged and an accounting is asked.

Upon motion to strike these defenses and counter-claim the learned Vice-Chancellor advised the order which is the basis of this appeal.

In its brief appellant argues that it is entitled to introduce parol testimony "to prove the true consideration and the reasons that motivated it to execute the bond and mortgage." Appellant clearly misapprehends the situation. The offer in the answering pleading was to prove an oral agreement to vary the terms of the payment of the mortgage debt otherwise than as clearly expressed in the bond and mortgage. It is admitted that the bond was given to secure the principal sum of $15,000, payable February 15th, 1944; that a stated installment on account of principal, together with accrued interest, was to be paid monthly in amortization of the mortgage debt and that the mortgage was complementary to the bond. It is thus seen that the defense goes to the method of payment and not to the underlying consideration for the mortgage debt.

The learned Vice-Chancellor in his memorandum, said, "The contract as expressed by the terms of the bond and mortgage cannot be altered by oral testimony that at the

execution thereof other and different terms or conditions with regard to payment of the mortgage debt were agreed on by the parties thereto," citing, amongst other cases, *Van Syckel* v. *Dalrymple, 32 N. J. Eq. 233; affirmed, 32 N. J. Eq. 826.* The expression of law thus given is elemental and citation of later applications thereof is unnecessary.

The court below was correct in its order striking the defenses and counter-claim. We are not required, in this disposition, to consider the incidental questions of unliquidated damage, set-off and account.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.